**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10443

Non-Argument Calendar

_____

DANIEL J. STERMER,

as Receiver for the Heron Pond
Condominium Association Inc.,

*Plaintiff-Appellee,*

IN RE HERON POND CONDOMINIUM ASSOCIATION INC.

*Consol Plaintiff,*

*versus*


HERON POND CONDOMINIUM ASSOCIATION, INC., et al.,

*Defendants,*

FEDERATED FOUNDATION TRUST,

*Defendant-Appellant,*

FEDERAL HOME LOAN MORTGAGE CORPORATION,

*Consol Defendant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-61909-RS

————————————————

Before BRANCH, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

In August 2024, the City of Pembroke Pines, Florida, condemned and fully vacated the Heron Pond Condominiums due to safety concerns. Daniel Stermer, who was appointed as receiver for the Heron Pond Condominium Association, Inc., petitioned for termination of the association, which was granted by a Florida state court.

Through a court-approved marketing procedure, Stermer identified Integra Real Estate, LLC ("Integra") as a "stalking horse" bidder to purchase the condominium property. Integra's bid of $20,500,000 set the minimum auction price for the property. To be able to participate in this auction, potential bidders had to submit a packet that satisfied several criteria, which included "provid[ing] evidence of [their] ability to close a transaction."

Federated Foundation Trust ("Federated"), who owned several units in the condominium complex and wished to participate in the auction, failed to follow these requirements, and instead submitted its package at the "last minute" without the correct documentation. Federated was ultimately "deemed not a qualified bidder" for the auction.

No other qualified bids were submitted before the deadline, and the proceedings were removed to the United States District Court for the Southern District of Florida. Stermer moved the district court to approve the proposed sale of the condominium property to Integra. Federated objected to the sale and argued, in relevant part, that Stermer failed to comply with Federal Rule of Civil Procedure 66 and breached his fiduciary duty, and that "transparency and procedural due process" were lacking in the sale proceedings.

On January 7, 2026, the district court held a sale hearing. At this hearing, Federated explained that it was "not objecting to the sale itself," but rather "to the process in which [it] w[as] disqualified as [a] bidder[]." After hearing Federated's arguments, the district court effectively reopened the bidding and offered Federated the opportunity to submit a nonrefundable deposit of $23,950,000 by January 13. Federated's counsel telephoned Federated's principal, Piyush Patel, who was not present at the hearing, and the district court cautioned that Patel would be under oath and "subject to going to jail for perjury" if he lied. Patel asked the court if he could "get until Monday to confirm," as his funds were currently "tied up into the stock exchange" and he was unable to reach some of his investors. Patel explained that he only had "about 18, $19 million already there, committed." The court denied this request, stating that it was "all or nothing."

Before ending the hearing, the district court observed that Patel was given "the opportunity" and "the numbers" but was now

"asking for less [than] the deposit," which "r[an] afoul" of and was "offensive to" the Heron Pond unit owners. "[T]o bring closure," the court decided to move forward with the sale to Integra. Following the hearing, the court issued an order approving the sale, "overrul[ing], resolv[ing], and den[ying] any objections, and finding, in relevant part, that Stermer and his advisors "provided a full, fair, and reasonable opportunity for any potentially interested party to make an offer to purchase the" property.

Federated now seeks to have our Court overturn this sale order. Federated appears to argue that the district court denied it the right to due process by approving the sale, which was based upon its "hyper-technical" disqualification, and further abused its discretion by using "coercive tactics" during the sale hearing, including threatening Patel with jail time and using an "all or nothing" procedure when reopening the bidding process.

But Federated failed to clearly raise these arguments below, and we need not consider them on appeal in the first instance. *See Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271–72 (11th Cir. 2019); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *see also Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022).

Although Federated's written objection to the motion for sale made passing reference to "procedural due process," it never specifically objected to the bidding process on this basis, nor did it clearly outline a due-process challenge when presenting argument at the sale hearing. Specifically, Federated failed to connect any due

26-10443               Opinion of the Court                    5

process right that it purportedly possessed to its disqualification from the sale process based upon its admitted failure to comply with the established bidding procedure. *See Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014) ("If parties hope to preserve a claim, argument, theory, or defense on appeal, they must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize it and rule on it." (citation modified)). Federated also did not raise any objections at the hearing, or following the execution of the sale order, to the method by which the district court conducted the sale hearing, during which the court *reopened* the bidding process so that Federated could have its desired opportunity to participate in the sale of the condominium property.

Further, even if we were to assume that Federated properly preserved these arguments, its appeal still fails. In its appellate briefs, Federated has not fully developed any of its challenges to the approval of the sale, nor has it pointed our Court to controlling authority to support any contention that it was erroneously disqualified as a bidder, the district court acted improperly during the sale hearing, or it was entitled to due process during these proceedings. *Cf. Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

6                    Opinion of the Court                    26-10443

Accordingly, we cannot say that the district court committed any reversible error and **AFFIRM** the order approving the sale of the Heron Pond Condominium property.[1]

---

[1] Stermer also requests that our Court impose sanctions because Federated only frivolously pursued this meritless appeal to delay the sale of the Heron Pond Condominium property. We DENY this motion.